IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| MICHAEL S. WILSON, # R06115, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| vs. | ) Case No. 14-cv-00071-JPG |
| | ) |
| DONALD GAETZ | ) |
| and MICHELLE CREWS, | ) |
| | ) |
| Defendants. | ) |

## MEMORANDUM AND ORDER

**GILBERT, District Judge:**

This matter is before the Court for consideration of Plaintiff Michael Wilson's amended complaint (Doc. 7). The Court dismissed Plaintiff's original complaint (Doc. 1) on February 18, 2014 (Doc. 6), for failure to state a claim upon which relief can be granted. However, Plaintiff's access to courts claim was dismissed without prejudice, and he was granted leave to file an amended complaint focusing only on this claim by March 25, 2014. (Doc. 6, p. 12). The amended complaint is timely,[1] and it is now subject to review under 28 U.S.C. § 1915A. For the reasons discussed below, Plaintiff's access to courts claim survives preliminary review.

### The Amended Complaint

According to the amended complaint, Defendant Crews (former law librarian) and Gaetz (former warden) have denied Plaintiff access to the law library at Pinckneyville Correctional

---

[1] Although the amended complaint was not entered in this case until March 28, 2014, i.e., three days after the deadline for amendment, the Court still considers it to be timely. Plaintiff actually filed the pleading on March 14, 2014. *See Wilson v. Crews, et al.*, 14-cv-337 (S.D. Ill., filed March 14, 2014) (Doc. 1). He did not label it "Amended Complaint" or refer to this case number. As a result, the pleading was not initially filed in this action. Rather, a new case was opened. *Id.* That case was dismissed on March 27, 2014, after the Court determined that the pleading should have been filed as the "Amended Complaint" in this action (Doc. 5).

Center ("Pinckneyville") since March 2012 (Doc. 7, p. 5). Plaintiff has made regular attempts to visit the prison's law library in order to research several family law matters, without any success. In March 2012, the mother of Plaintiff's son was allegedly violating visitation orders. Plaintiff wished to address this matter in Court. However, his inability to access the law library foreclosed this opportunity. In addition to denying his repeated requests for law library access, Defendant Crews impeded Plaintiff's ability to obtain the courthouse address and file a petition for an order of protection in the family law matter. Defendant Gaetz denied Plaintiff the opportunity to attend a June 2012 hearing in the family law case. By June 2012, Plaintiff learned that the mother of his child had absconded with the child. Although Plaintiff filed at least one grievance to address his denial of law library access on March 9, 2012, it was denied at all levels.

Plaintiff was not granted law library access until December 2012, after writing Defendants Crews and Gaetz directly. Even then, his access appears to have been limited to two hours per week. This was not enough time to prepare a petition in his family law case, and the petition was dismissed (Doc. 7, pp. 5-6).

Plaintiff now sues Defendants Crews and Gaetz for denying him access to the courts in violation of his constitutional rights (Doc. 7, pp. 5-6). He points to past and future legal opportunities that have been lost based on this denial. Plaintiff seeks monetary damages and injunctive relief (Doc. 7, p. 7).

### Merits Review Pursuant to 28 U.S.C. § 1915A

Under § 1915A, the Court is required to promptly screen prisoner complaints to filter out nonmeritorious claims. 28 U.S.C. § 1915A(a). The Court is required to dismiss any portion of the complaint that is legally frivolous, malicious, fails to state a claim upon which relief may be

granted, or asks for money damages from a defendant who by law is immune from such relief. 28 U.S.C. § 1915A(b).

An action or claim is frivolous if "it lacks an arguable basis either in law or in fact." *Neitzke v. Williams*, 490 U.S. 319, 325 (1989). An action fails to state a claim upon which relief can be granted if it does not plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007). The claim of entitlement to relief must cross "the line between possibility and plausibility." *Id*. at 557. Conversely, a complaint is plausible on its face "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). Although the Court is obligated to accept factual allegations as true, *see Smith v. Peters*, 631 F.3d 418, 419 (7th Cir. 2011), some factual allegations may be so sketchy or implausible that they fail to provide sufficient notice of a plaintiff's claim. *Brooks v. Ross*, 578 F.3d 574, 581 (7th Cir. 2009). Additionally, Courts "should not accept as adequate abstract recitations of the elements of a cause of action or conclusory legal statements." *Id*. At the same time, however, the factual allegations of a *pro se* complaint are to be liberally construed. *See Rodriguez v. Plymouth Ambulance Serv.*, 577 F.3d 816, 821 (7th Cir. 2009).

## Discussion

After carefully reviewing the allegations in the complaint, the Court finds that it articulates a colorable access to courts claim (**Count 1**) against Defendants Crews and Gaetz. It has long been "established beyond doubt that prisoners have a constitutional right of access to the courts." *Bounds v. Smith, et al.*, 430 U.S. 817, 821 (1977). This "fundamental constitutional right . . . requires prison authorities to assist inmates in the preparation and filing of meaningful

legal papers by providing prisoners with adequate law libraries or adequate assistance from persons trained in the law." *Id*. at 828.

However, "the mere denial of access to a prison law library or to other legal materials is not itself a violation of a prisoner's rights; his right is to access *the courts*, and only if the defendants' conduct prejudices a potentially meritorious challenge to the prisoner's conviction, sentence, or conditions of confinement has this right been infringed." *Marshall v. Knight*, 445 F.3d 965, 968 (7th Cir. 2006). The requirement that prisoners allege specific prejudice "should not be understood as an onerous fact-pleading burden; it is simply a requirement that a prisoner's complaint spell out, in minimal detail, the connection between the alleged denial of access to legal materials and an inability to pursue a legitimate" claim. *Id*. at 968.

The Seventh Circuit uses a two-part test to decide if prison administrators have violated the right of access to the courts. *Lehn v. Holmes*, 364 F.3d 862, 868 (7th Cir. 2004). First, the prisoner must show that prison officials failed "to assist in the preparation and filing of meaningful legal papers by providing prisoners with adequate law libraries or adequate assistance from persons trained in the law." *Jenkins v. Lane,* 977 F.2d 266, 268 (7th Cir. 1992) (quoting *Bounds*, 430 U.S. at 828). Second, he must be able to show "some quantum of detriment caused by the challenged conduct of state officials resulting in the interruption and/or delay of plaintiff's pending or contemplated litigation." *Alston v. DeBruyn,* 13 F.3d 1036, 1041 (7th Cir. 1994); *see also Lehn*, 364 F. 3d at 868. Plaintiff's amended complaint satisfies both parts of this test on preliminary review.

However, the Supreme Court's decision in *Lewis v. Casey* suggests that Plaintiff may not be able to proceed against the defendants, based on the loss of a family law claim. Justice Scalia, writing for a majority of five, stated, in pertinent part:

> *Bounds* does not guarantee inmates the wherewithal to transform themselves into litigating engines capable of filing everything from shareholder derivative actions to slip and fall claims. The tools it requires to be provided are those that the inmates need in order to attack their sentences, directly or collaterally, and in order to challenge the conditions of their confinement. Impairment of any *other* litigating capacity is simply one of the incidental (and perfectly constitutional) consequences of conviction and incarceration.

518 U.S. 343, 355 (emphasis in original). This Court found no opinion in which the Seventh Circuit decided a case on the grounds at issue here, or in which the Seventh Circuit categorically denied such claims. *See, e.g., Marshall*, 445 F.3d at 968. Other courts that have addressed the issue have come to different conclusions. *See Ball v. Hartman*, 396 Fed. App'x 823, 825 (3d Cir. 2010) (unpublished) (prisoner's right of access claim does not extend to child support action); *Glover v. Johnson*, 75 F.3d 264, 269 n. 6 (6th Cir. 1996) (holding that Michigan prisoners are not entitled to legal assistance in parental rights matters). *But see Abdul-Akbar v. McKelvie*, 239 F.3d 307, 317 (3d Cir. 2001) ("An unconditional right of access exists for civil cases only when a denial of a judicial forum would implicate a human right interest—such as the termination of parental rights. . . .") (citing *M.L.B. v. S.L.J.*, 519 U.S. 102, 113 (1996)). Given the fact that the Court could find no definitive statement on this issue and given the similarities between this case and *Marhsall*, the Court cannot dismiss Plaintiff's claim at this stage. Accordingly, Plaintiff shall be allowed to proceed with **Count 1** against Defendants Crews and Gaetz.

### Pending Motion

Plaintiff filed a motion for recruitment of counsel (Doc. 3), which shall be **REFERRED** to a United States Magistrate Judge for a decision.

### Disposition

**AS TO COUNT 1**, the Clerk of Court shall prepare for **DEFENDANTS MICHELLE**

**CREWS** and **DONALD GAETZ**: (1) Form 5 (Notice of a Lawsuit and Request to Waive Service of a Summons), and (2) Form 6 (Waiver of Service of Summons). The Clerk is **DIRECTED** to mail these forms, a copy of the complaint, and this Memorandum and Order to each Defendant's place of employment as identified by Plaintiff. If a Defendant fails to sign and return the Waiver of Service of Summons (Form 6) to the Clerk within 30 days from the date the forms were sent, the Clerk shall take appropriate steps to effect formal service on that Defendant, and the Court will require that Defendant to pay the full costs of formal service, to the extent authorized by the Federal Rules of Civil Procedure.

With respect to a Defendant who no longer can be found at the work address provided by Plaintiff, the employer shall furnish the Clerk with the Defendant's current work address, or, if not known, the Defendant's last-known address. This information shall be used only for sending the forms as directed above or for formally effecting service. Any documentation of the address shall be retained only by the Clerk. Address information shall not be maintained in the court file or disclosed by the Clerk.

Plaintiff shall serve upon Defendants (or upon defense counsel once an appearance is entered), a copy of every pleading or other document submitted for consideration by the Court. Plaintiff shall include with the original paper to be filed a certificate stating the date on which a true and correct copy of the document was served on Defendants or counsel. Any paper received by a district judge or magistrate judge that has not been filed with the Clerk or that fails to include a certificate of service will be disregarded by the Court.

Defendants are **ORDERED** to timely file an appropriate responsive pleading to the complaint and shall not waive filing a reply pursuant to 42 U.S.C. § 1997e(g).

Pursuant to Local Rule 72.1(a)(2), this action is **REFERRED** to a United States

Magistrate Judge for further pre-trial proceedings, including a decision on Plaintiff's motion for recruitment of counsel (Doc. 3). Further, this entire matter shall be **REFERRED** to a United States Magistrate Judge for disposition, pursuant to Local Rule 72.2(b)(2) and 28 U.S.C. § 636(c), *if all parties consent to such a referral.*

If judgment is rendered against Plaintiff, and the judgment includes the payment of costs under § 1915, Plaintiff will be required to pay the full amount of the costs, notwithstanding that his application to proceed *in forma pauperis* has been granted. *See* 28 U.S.C. § 1915(f)(2)(A).

Plaintiff is **ADVISED** that at the time application was made under 28 U.S.C. § 1915 for leave to commence this civil action without being required to prepay fees and costs or give security for the same, the applicant and his or her attorney were deemed to have entered into a stipulation that the recovery, if any, secured in the action shall be paid to the Clerk of the Court, who shall pay therefrom all unpaid costs taxed against plaintiff and remit the balance to plaintiff. Local Rule 3.1(c)(1).

Finally, Plaintiff is **ADVISED** that he is under a continuing obligation to keep the Clerk of Court and each opposing party informed of any change in his address; the Court will not independently investigate his whereabouts. This shall be done in writing and not later than **7 days** after a transfer or other change in address occurs. Failure to comply with this order will cause a delay in the transmission of court documents and may result in dismissal of this action for want of prosecution. *See* FED. R. CIV. P. 41(b).

**IT IS SO ORDERED.**

**DATED: May 1, 2014**

*s/ J. Phil Gilbert*
**U.S. District Judge**

7