IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| MICHAEL S. WILSON, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Case No. 3:14-cv-71-NJR-DGW |
| ) | |
| DONALD GAETZ and MICHELLE CREWS, ) | |
| ) | |
| Defendants. ) | |

**REPORT AND RECOMMENDATION**

**WILKERSON, Magistrate Judge:**

This matter has been referred to United States Magistrate Judge Donald G. Wilkerson by United States District Judge Nancy J. Rosenstengel pursuant to 28 U.S. C. § 636(b)(1)(B), Federal Rule of Civil Procedure 72(b), and SDIL-LR 72.1(a) for a Report and Recommendation on Plaintiff's Petitions for Order to Show Cause for Preliminary Injunction, construed by the Court as Motions for Preliminary Injunction (Docs. 57, 64). For the reasons set forth below, it is **RECOMMENDED** that the Motions be **DENIED**, and that the Court adopt the following findings of fact and conclusions of law.

### FINDINGS OF FACT

Plaintiff Michael S. Wilson is an inmate in the custody of the Illinois Department of Corrections ("IDOC") currently incarcerated at Big Muddy River Correctional Center ("Big Muddy"). Plaintiff brings this action pursuant to 42 U.S.C. § 1983 alleging that Defendants Donald Gaetz, the former warden of Pinckneyville Correctional Center ("Pinckneyville") and Michelle Crews, the former law librarian at Pinckneyville, denied him access to the courts while he was incarcerated at Pinckneyville. In particular, Plaintiff claims that while at Pinckneyville the mother of his son was violating visitation orders and, due to Defendants limiting his ability to visit

the law library, he was unable to address the matter in Court. Further, Plaintiff contends that Defendant Crews impeded his ability to obtain the courthouse address to file a petition for an order of protection and Defendant Gaetz denied him the opportunity to attend a June, 2012 in his family law matter.

On March 20, 2015, Plaintiff filed a motion for preliminary injunction asking the Court to enjoin Defendants, including their successors in office, agents, and employees, and all other persons acting in concert and participation with them from denying him timely and proper access to the law library (Doc. 57). Specifically, Plaintiff complains that Zachary Roeckeman, the warden at Big Muddy and Jenny Wilson and Joanna Hosch, law librarians at Big Muddy, are knowingly enforcing a policy that violates his constitutional rights by hindering his access to the courts and impeding his ability to litigate this case of action. Plaintiff further complains that the Big Muddy mail room staff is interfering with his legal mail by refusing to post and send it. In support of his motion, Plaintiff submitted grievances and letters he submitted while at Big Muddy and Illinois River Correctional Center ("Illinois River"), complaining about being denied access to the law library.

On March 23, 2015, Defendants filed their response to Plaintiff's motion arguing that this Court lacks jurisdiction to grant Plaintiff's request for injunctive relief as it concerns individuals who are not parties to this case. Plaintiff filed his reply to Defendants' response on April 1, 2015 (Doc. 59) arguing that his suit complains about IDOC policy and, as his request for injunctive relief relates to this same policy, the Court has the jurisdiction to enter his request for injunctive relief.

Plaintiff again filed a motion for preliminary relief on April 28, 2015 (Doc. 64) seeking

injunctive relief against the Big Muddy mailroom staff for interfering with his ability to serve a copy of his previous petition for preliminary injunction (Doc. 59) on the parties named in that filing. Defendants did not file a response to this motion.

### CONCLUSIONS OF LAW

A preliminary injunction is an "extraordinary and drastic remedy" for which there must be a "clear showing" that Plaintiff is entitled to relief. *Mazurek v. Armstrong*, 520 U.S. 968, 972 (1997) (quoting 11A CHARLES ALAN WRIGHT, ARTHUR R MILLER, & MARY KAY KANE, FEDERAL PRACTICE AND PROCEDURE §2948 (5th ed. 1995)). The purpose of such an injunction is "to minimize the hardship to the parties pending the ultimate resolution of the lawsuit." *Faheem-El v. Klincar*, 841 F.2d 712, 717 (7th Cir. 1988). Plaintiff has the burden of demonstrating:

   1. a reasonable likelihood of success on the merits;
   2. no adequate remedy at law; and
   3. irreparable harm absent the injunction.

*Planned Parenthood v. Commissioner of Indiana State Dept. Health*, 699 F.3d 962, 972 (7th Cir. 2012). As to the first hurdle, the Court must determine whether "plaintiff has any likelihood of success – in other words, a greater than negligible chance of winning." *AM General Corp. v. DaimlerChrysler Corp.*, 311 F.3d 796, 804 (7th Cir. 2002). The Court must then weigh "the balance of harm to the parties if the injunction is granted or denied and also evaluate the effect of an injunction on the public interest." *Id.* In addition, the Prison Litigation Reform Act provides that a preliminary injunction must be "narrowly drawn, extend no further than necessary to correct the harm . . . ," and "be the least intrusive means necessary to correct that harm." 18 U.S.C. § 3626(a)(2). Finally, pursuant to Federal Rule of Civil Procedure 65(d)(2), a preliminary injunction would bind only the parties, their officers or agents, or persons in active concert with the

parties or their agents.

Importantly, the purpose of a preliminary injunction is "to preserve the relative positions of the parties until a trial on the merits can be held." *University of Texas v. Camenisch*, 451 U.S. 390, 395 (1981). Accordingly, the preliminary injunctive relief sought must relate to the claims pending in the underlying lawsuit. A motion for preliminary injunction is not a proper avenue to pursue additional claims or name additional defendants. In this instance, the relief sought by Plaintiff does not relate to the claims pending in this lawsuit and, moreover, Plaintiff does not complain of the specific Defendants named in this lawsuit. Rather, Plaintiff is complaining about individuals and events occurring at Big Muddy and/or Illinois River since the filing of this lawsuit. Although Plaintiff argues that the underlying lawsuit is related to his requests for preliminary relief as he is complaining about an IDOC policy, the Court does not agree, as it finds that Plaintiff's complaint does not reference any specific policy, but rather, cites specific instances wherein he was denied access to courts by Defendants Gaetz and Crews. For these reasons, the Court's analysis of whether Plaintiff has met his threshold burden for a preliminary injunction is abbreviated as it finds that Plaintiffs' motions for preliminary injunction seek improper relief.

### RECOMMENDATIONS

For the foregoing reasons, it is **RECOMMENDED** that Plaintiff's Petitions for Order to Show Cause for Preliminary Injunction, construed by the Court as Motions for Preliminary Injunction (Docs. 57, 64) be **DENIED**, and that the Court adopt the foregoing findings of fact and conclusions of law.

Pursuant to 28 U.S.C. § 636(b)(1) and SDIL-LR 73.1(b), the parties shall have fourteen (14) days after service of this Report and Recommendation to file written objection thereto. The

failure to file a timely objection may result in the waiver of the right to challenge this Report and Recommendation before either the District Court or the Court of Appeals. *Snyder v. Nolen*, 380 F.3d 279, 284 (7th Cir. 2004); *United States v. Hernandez-Rivas*, 348 F.3d 595, 598 (7th Cir. 2003).

**DATED: May 27, 2015**

							*/s/ Donald Wilkerson*
							**DONALD G. WILKERSON**
							**United States Magistrate Judge**