IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| MICHAEL S. WILSON, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | )   Case No. 3:14-cv-71-NJR-DGW |
| | ) |
| DONALD GAETZ and MICHELLE CREWS, | ) |
| | ) |
| Defendants. | ) |

### REPORT AND RECOMMENDATION

**WILKERSON, Magistrate Judge:**

This matter has been referred to United States Magistrate Judge Donald G. Wilkerson by United States District Judge Nancy J. Rosenstengel pursuant to 28 U.S.C. § 636(b)(1)(B), Federal Rule of Civil Procedure 72(b), and SDIL-LR 72.1(a) for a Report and Recommendation on the questions of whether Defendants are entitled to qualified immunity and whether Plaintiff exhausted his administrative remedies prior to filing this lawsuit, as required by the Prison Litigation Reform Act, 28 U.S.C. § 1997e(a).  For the reasons set forth below, it is **RECOMMENDED** that the Motion for Summary Judgment filed by Defendants Gaetz and Crews (Doc. 34) be **GRANTED IN PART AND FOUND AS MOOT IN PART**, and that the Court adopt the following findings of fact and conclusions of law.

FINDINGS OF FACT

Plaintiff Michael S. Wilson is an inmate in the custody of the Illinois Department of Corrections ("IDOC") at Big Muddy River Correctional Center.  Plaintiff initiated this action on January 21, 2014 pursuant to 42 U.S.C. § 1983 alleging Defendants violated his constitutional rights while he was housed at Pinckneyville Correctional Center ("Pinckneyville").  After the Court's initial screening, Plaintiff was allowed to proceed on one count against Defendants Gaetz

and Crews for denying him access to the courts. More specifically, Plaintiff alleges that Defendant Michelle Crews, the former law librarian at Pinckneyville, and Defendant Donald Gaetz, the former Pinckneyville warden, denied or limited his access to the law library from approximately March, 2012 until the filing of this lawsuit. During this time, the mother of Plaintiff's son was allegedly violating visitation orders and Plaintiff wanted to address this matter in Court. However, Plaintiff's inability to access the law library foreclosed this opportunity. Further, Plaintiff claims that Defendant Crews impeded his ability to obtain the courthouse address and Defendant Gaetz denied him the opportunity to attend a June, 2012 hearing, both in regards to his family law matter.

A review of the exhibits attached to Plaintiff's amended complaint reflect that Plaintiff was provided with the Peoria County Courthouse address on April 5, 2012 (Doc. 7-2, p. 5). Subsequently, on May 7, 2012, Plaintiff filed a petition for emergency hearing in the Tenth Judicial Circuit of Illinois in Peoria County (Doc. 7-3, pp. 20-21). A hearing was set for June 18, 2012 in which the Court dismissed Plaintiff's Petition for Emergency Hearing finding that no service of the petition was made on the other party to the matter and Plaintiff failed to appear (Doc. 7-3, p. 33). On the same day as the hearing was to take place, Plaintiff filed a request to reschedule the hearing, explaining that Pinckneyville had no record of his court date and asking the Court to contact Pinckneyville with a rescheduled hearing date (Doc. 7-3, p. 37). It does not appear that this hearing was reset. Further, the exhibits proffered by Plaintiff do not contain any evidence that the Peoria court ever issued a writ mandating his attendance at any hearing.

On September 19, 2014, Defendants filed a motion for summary judgment arguing they are entitled to qualified immunity as any impairment of Plaintiff's ability to enforce an order of

protection did not violate a constitutional right that was clearly established at the time of Defendants' alleged conduct. Defendants further assert that Plaintiff failed to exhaust his administrative remedies prior to filing this suit. Based on the affidavit of Sherry Benton, a Chairperson for the Administrative Review Board ("ARB"), Defendants aver that although Plaintiff exhausted one grievance complaining of inadequate law library access in March 2012, he failed to file a grievance complaining about any subsequent events alleged in his lawsuit. Plaintiff filed his response to Defendants' motion on October 27, 2014 (Doc. 38).

## CONCLUSIONS OF LAW

*Summary Judgment Standard*

Summary judgment is proper only if the moving party can demonstrate "that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." FED. R. CIV. P. 56(a); *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986). *See also Ruffin-Thompkins v. Experian Information Solutions, Inc.*, 422 F.3d 603, 607 (7th Cir. 2005); *Black Agents & Brokers Agency, Inc. v. Near North Ins. Brokerage, Inc.*, 409 F.3d 833, 836 (7th Cir. 2005). The moving party bears the burden of establishing that no material facts are in genuine dispute; any doubt as to the existence of a genuine issue must be resolved against the moving party. *Adickes v. S.H. Kress & Co.*, 398 U.S. 144, 160 (1970). *See also Lawrence v. Kenosha County*, 391 F.3d 837, 841 (7th Cir. 2004). A moving party is entitled to judgment as a matter of law where the non-moving party "has failed to make a sufficient showing on an essential element of her case with respect to which she has the burden of proof." *Celotex,* 477 U.S. at 323. "[A] complete failure of proof concerning an essential element of the nonmoving party's case necessarily renders all other facts immaterial." *Id.* The Seventh Circuit has stated

that summary judgment "is the put up or shut up moment in a lawsuit, when a party must show what evidence it has that would convince a trier of fact to accept its version of the events." *Steen v. Myers*, 486 F.3d 1017, 1022 (7th Cir. 2007) (quoting *Hammel v. Eau Galle Cheese Factory*, 407 F.3d 852, 859 (7th Cir. 2005) (other citations omitted)).

*Qualified Immunity*

Generally, government officials are protected from civil liability when performing discretionary functions under the doctrine of qualified immunity so long as "their conduct does not violate clearly established statutory or constitutional rights of which a reasonable person would have known." *Harlow v. Fitzgerald*, 457 U.S. 800, 818 (1982); *see also Alvarado v. Litscher*, 267 F.3d 648, 652 (7th Cir. 2001). Thus, in order to evaluate a claim of qualified immunity, the Court engages in a two-step analysis. First, the Court considers whether plaintiff's claim states a violation of his constitutional rights. Then, the Court determines whether those rights were clearly established at the time the violation occurred. *Jacobs*, 215 F.3d at 766. For a constitutional right to be clearly established, its contours "must be sufficiently clear that a reasonable official would understand that what he is doing violates that right." *Estate of Escobedo v. Bender*, 600 F.3d 770, 779 (7th Cir. 2010) (quoting *Hope v. Pelzer*, 536 U.S. 730, 739 (2002)). The unlawfulness of a particular official's action must be apparent "in light of the pre-existing law." *Id.* A party may demonstrate that a right was clearly established by presenting a closely analogous case establishing the defendant's conduct was unconstitutional or by presenting evidence the defendant's conduct was so patently violative of the constitutional right that reasonable officials would know without guidance from a court. *See Hope*, 536 U.S. at 739-40.

*Discussion*

Defendants contend that despite the Court's screening order finding Plaintiff articulated a colorable access to the courts claim, Defendants' alleged actions did not violate a clearly established constitutional right. As such, Defendants assert they are entitled to qualified immunity.

The crux of Plaintiff's claim is that his constitutional right of access to the courts was violated by Defendants Crews and Gaetz and, due to Defendants' various impediments, he was unable to seek an order of protection or address violations of a visitation order already in place. "The right of access to the courts is the right of an individual, whether free or incarcerated, to obtain access to the courts without undue interference. The right of individuals to pursue legal redress for claims that have a reasonable basis in law or fact is protected by the First Amendment right to petition and the Fourteenth Amendment right to substantive due process." *Snyder v. Nolen*, 380 F.3d 279, 291 (7th Cir. 2004) (citations omitted). The Supreme Court has articulated different requirements for prison officials with respect to access in different categories of cases. Specifically, in cases involving habeas petitions or Section 1983 actions, prisons are required to provide prisoners with the tools necessary to litigate their action. *Lewis v. Casey*, 518 U.S. 343, 355 (1996). With regard to this line of cases, prison officials have an *affirmative* duty to assist prisoners in the preparation and filing of legal papers. *Williams v. Lane*, 851 F.2d 867, 878 (7th Cir. 1988). However, the Supreme Court has also recognized that the First Amendment right to petition includes the right to file other civil actions in court that have a reasonable basis in law or fact. *McDonald v. Smith*, 472 U.S. 479, 484 (1985). Accordingly, in this broader category of "other civil cases," prison officials may not *interfere*, or erect barriers, that impede the right of

access of prisoners, but they need not provide any affirmative assistance. *See Snyder*, 380 F.3d at 291.

Although the Supreme Court has recognized that a right of access to the courts may be invoked in "other civil actions," it is not apparent that the Defendant's alleged actions violated a *clearly* established constitutional right. Plaintiff has not provided, and the Court has been unable to find, an opinion in which the Supreme Court or the Seventh Circuit decided a case on the grounds at issue here. More specifically, there does not appear to be any closely analogous case establishing a constitutional right for an incarcerated plaintiff to attend a hearing on a family law matter or address violations of an order of protection. Rather, decisions endorsing access to the court claims in this Circuit are generally limited to cases involving impediments to habeas petitions and Section 1983 suits or, with regard to "other civil cases," the asserted violation of such a right typically relates to an impediment to the *filing* of such action, not the inability to frequent the law library or attend a hearing. *See, e.g.*, *Martin v. Jackson*, 21 Fed. App'x 443, 445-46 (7th Cir. 2001) ("Prisoners are thus entitled to access to the courts to present challenges to their convictions or allegations of infringements of their constitutional rights through habeas corpus proceedings and civil rights suits.") (citing *Sahagian v. Dickey*, 827 F.2d 90, 97 (7th Cir. 1987)); *see also Snyder*, 380 F.3d 279 (majority of the panel found that Plaintiff had *not* stated a claim for a constitutional violation of his right to access to the courts, but did not reach the issue of qualified immunity; however, in a dissenting opinion, Circuit Judge Ripple indicated that "[t]here is certainly no more direct way to interfere with a plaintiff's access to the courts than to refuse to file his pleadings or to remove them from the docket once filed.").

Finding no controlling precedent from the Supreme Court or this Circuit, the Court has

Page **6** of **8**

reviewed relevant case law in other circuits to determine "whether there [is] such a clear trend in the case law that we can say with fair assurance that the recognition of the right by a controlling precedent [is] merely a question of time." *Estate of Escobedo*, 600 F.3d at 781 (quoting *Jacobs*, 215 F.3d at 766). Upon review of case law in other circuits, the Court finds no trend establishing a constitutional right analogous to the circumstances in this case. *See, e.g.*, *Ball v. Hartman*, 396 Fed. App'x 823, 825 (3d Cir. 2010) (unpublished) (prisoner's right of access claim does not extend to child support action); *Glover v. Johnson*, 75 F.3d 264, 269, n. 6 (6th Cir. 1996) (holding that Michigan prisoners are not entitled to legal assistance in parental right matters). Although the Court recognizes that the Third Circuit has found "an unconditional right of access … when denial of a judicial forum would implicate a fundamental human interest — such as the termination of parental rights or the ability to obtain a divorce," *Abdul-Akbar v. McKelvie*, 239 F.3d 307, 317 (3d Cir. 2001), this finding does not represent a clear trend among the circuits and, more importantly, is not applicable in this instance as Plaintiff is not complaining about the termination of his parental rights.

Finding that Defendants are entitled to qualified immunity on Plaintiff's access to the courts claim, the Court determines that Defendants' request for summary judgment on the issue of exhaustion is **MOOT**.

### RECOMMENDATIONS

For the foregoing reasons, it is **RECOMMENDED** that Defendants' Motion for Summary Judgment (Doc. 34) be **GRANTED IN PART AND FOUND AS MOOT IN PART**; that the Court **FIND** that Defendants are entitled to qualified immunity and the question of whether Plaintiff exhausted his administrative remedies is **MOOT**; that this case be

**DISMISSED WITH PREJUDICE**; and that the Court adopt the foregoing findings of fact and conclusions of law.

Pursuant to 28 U.S.C. § 636(b)(1) and SDIL-LR 73.1(b), the parties shall have fourteen (14) days after service of this Report and Recommendation to file written objection thereto. The failure to file a timely objection may result in the waiver of the right to challenge this Report and Recommendation before either the District Court or the Court of Appeals. *Snyder v. Nolen*, 380 F.3d 279, 284 (7th Cir. 2004); *United States v. Hernandez-Rivas*, 348 F.3d 595, 598 (7th Cir. 2003).

**DATED: May 29, 2015**

                                                **DONALD G. WILKERSON**
                                                **United States Magistrate Judge**