IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| MICHAEL S. WILSON, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | Case No. 14-CV-71-NJR-DGW |
| ) | |
| DONALD GAETZ and ) | |
| MICHELLE CREWS, ) | |
| ) | |
| Defendants. ) | |

## MEMORANDUM AND ORDER

**ROSENSTENGEL, District Judge:**

This matter is before the Court on the Report and Recommendation of United States Magistrate Judge Donald G. Wilkerson entered on May 27, 2015 (Doc. 69). Magistrate Judge Wilkerson recommends that the undersigned deny Plaintiff's "Petitions for Order to Show Cause for Preliminary Injunction," construed by the Court as motions for preliminary injunction (Doc. 57, 64). Plaintiff filed a timely objection on June 12, 2015 (Doc. 74). For the reasons set forth below, this Court adopts Magistrate Judge Wilkerson's Report and Recommendation in its entirety.

### Background

On January 21, 2014, Plaintiff Michael S. Williams, an inmate currently incarcerated at Big Muddy River Correctional Center ("Big Muddy"), filed this lawsuit alleging deprivations of his constitutional rights pursuant to 42 U.S.C. § 1983. Plaintiff alleges Defendants Donald Gaetz, the former warden of Pinckneyville Correctional

Center ("Pinckneyville") and Michelle Crews, the former law librarian at Pinckneyville, denied him access to the courts while he was incarcerated at Pinckneyville (Doc. 1). Plaintiff further claims the Defendants unlawfully restricted his access to the law library, which impaired his ability to seek legal recourse in a family law matter (Doc. 1).

On March 20, 2015, Plaintiff filed a motion for preliminary injunction seeking the Court enjoin Defendants and staff at Big Muddy from denying him timely and proper access to the law library (Docs. 57). On April 28, 2015, Plaintiff filed another motion for preliminary injunction seeking to enjoin the Big Muddy mailroom staff from interfering with Plaintiff's ability to serve a copy of his first motion for preliminary injunction (Doc. 59). Defendants filed a timely response to the first motion for preliminary injunction, asserting that this Court lacks jurisdiction to grant Plaintiff's request for injunctive relief because the Motion involves individuals who are not parties to the lawsuit (Doc. 58).

## Conclusions of the Report and Recommendation

The Report and Recommendation accurately states the nature of the evidence presented by both sides, as well as the applicable law. Magistrate Judge Wilkerson found that Plaintiff failed to establish the elements required to obtain a preliminary injunction. Specifically, Magistrate Judge Wilkerson found that the relief sought by Plaintiff did not relate to the claims pending in this lawsuit. Furthermore, Magistrate Judge Wilkerson found that the individuals Plaintiff seeks relief against are not named Defendants in the instant action.

## Discussion

The undersigned must undertake a *de novo* review of the Report and Recommendation because a timely objection was filed. 28 U.S.C. § 636(b)(1)(B), (C); FED. R. CIV. P. 72(b); SDIL-LR 73.1(b); *Harper v. City of Chicago Heights,* 824 F. Supp. 786, 788 (N.D. Ill. 1993); *see also Govas v. Chalmers,* 965 F.2d 298, 301 (7th Cir. 1992). *De novo* review requires the district judge to "give fresh consideration to those issues to which specific objections have been made" and make a decision "based on an independent review of the evidence and arguments without giving any presumptive weight to the magistrate judge's conclusion." *Harper,* 824 F.Supp. at 788 (citing 12 Charles Alan Wright et al., *Federal Practice and Procedure* § 3076.8, at p. 55 (1st ed. 1973) (1992 Pocket Part)); *Mendez v. Republic Bank*, 725 F.3d 651, 661 (7th Cir. 2013). The Court "may accept, reject or modify the magistrate judge's recommended decision." *Harper,* 824 F. Supp. at 788. Pursuant to 28 U.S.C. § 636(b), however, where neither timely nor specific objections to the Report and Recommendation are made, this Court need not conduct a de novo review of the Report and Recommendation. *See Thomas v. Arn,* 474 U.S. 140 (1985).

A preliminary injunction is "an extraordinary and drastic remedy, one that should not be granted unless the movant, by a clear showing, carries the burden of persuasion." *Mazurek v. Armstrong,* 520 U.S. 968, 972 (1997). The purpose of such an injunction is to minimize the hardship to the parties pending the ultimate resolution of the lawsuit." *Fahenm-El v. Klincar*, 841 F.2d 712, 717 (7th Cir. 1988). In order to obtain a preliminary injunction, Plaintiff has the burden of establishing that: (1) he is likely to succeed on the merits of his claim; (2) he has no adequate remedy at law; and (3) he is

likely to suffer irreparable harm without the injunction. *Planned Parenthood of Indiana, Inc. v. Comm'r of Indiana State Dep't Health*, 699 F.3d 962, 972 (7th Cir. 2012), *citing Am. Civil Liberties Unions of Ill. v. Alvarez,* 679 F.3d 583, 589-90 (7th Cir. 2012).

In the context of prisoner litigation, the scope of the Court's authority to enter an injunction is circumscribed by the Prison Litigation Reform Act ("PLRA"). *Westefer v. Neal*, 682 F.3d 679, 683 (7th Cir. 2012). Under the PLRA, preliminary injunction relief "must be narrowly drawn, extend no further than necessary to correct the harm the court finds requires preliminary relief, and be the least intrusive means necessary to correct that harm." 18 U.S.C. § 3626(a)(2); *see also Westefer,* 682 F.3d at 683 (noting the PLRA "enforces a point repeatedly made by the Supreme Court in cases challenging prison conditions: prisons officials have broad administrative and discretionary authority over the institutions they manage") (internal quotation marks and citation omitted).

In his Objection, Plaintiff argues that the Court misinterpreted his Complaint by concluding "that [his] Complaint never raised the question of policy and that precluded [him] from [injunctive relief]" (Doc. 74). Plaintiff further asserts that he is obviously suing the Illinois Department of Corrections, which he describes as "ultimately responsible," because a state lawyer is representing the named Defendants (*Id*.). Plaintiff's arguments are unpersuasive.

After thoroughly reviewing the record before it, the undersigned agrees with Magistrate Judge Wilkerson's analysis that Plaintiff's motions for preliminary injunction seek improper relief. It is well-established that preliminary injunctive relief

must relate to the claims pending in the underlying lawsuit and may only bind those who are parties to the action, their officers or agents, or persons in active concert with the same. *See* FED. R. CIV. P. 65(d)(2). Here, Plaintiff's Complaint specifically complains about the actions of Defendants Gaetz and Crews – employees of the Pinckneyville Correctional Center. Plaintiff has not named the Illinois Department of Corrections as a defendant in this lawsuit, and the Complaint does not refer to any specific policy or procedure of the Department of Corrections. As the motions for preliminary injunction seek relief from individuals not parties to this lawsuit, the Court finds no reason to reject Magistrate Judge Wilkerson's recommendation.

## Conclusion

For the reasons set forth above, the Court **ADOPTS** Magistrate Judge Wilkerson's Report and Recommendation (Doc. 69). Plaintiff's Petitions for Order to Show Cause for Preliminary Injunction, construed by the Court as motions for preliminary injunction (Docs. 57, 64) are **DENIED.**

IT IS SO ORDERED.

DATED: August 21, 2015

s/ Nancy J. Rosenstengel
**NANCY J. ROSENSTENGEL**
**United States District Judge**