IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| MICHAEL S. WILSON, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| vs. | ) Case No.14-CV-71-NJR-DGW |
| | ) |
| DONALD GAETZ and MICHELLE CREWS, | ) |
| | ) |
| Defendants. | ) |

# MEMORANDUM AND ORDER

**ROSENSTENGEL, District Judge:**

This matter is before the Court on the Report and Recommendation of United States Magistrate Judge Donald G. Wilkerson (Doc. 70), which recommends that Defendants' Motion for Summary Judgment on the issues of qualified immunity and failure to exhaust administrative remedies be granted in part and found moot in part, and that this matter be dismissed with prejudice. The Report and Recommendation was entered May 29, 2015 (Doc. 70). Plaintiff filed timely objections to the Report and Recommendation on June 10, 2015 (Doc. 71), June 12, 2015 (Doc. 74), and July 28, 2015 (Doc. 77).

## BACKGROUND

Plaintiff Michael S. Wilson is an inmate in the custody of the Illinois Department of Corrections ("IDOC") at Big Muddy River Correctional Center. Plaintiff initiated this action on January 21, 2014, pursuant to 42 U.S.C. § 1983, alleging Defendants violated his constitutional rights while he was housed at the Pinckneyville Correctional Center

("Pinckneyville"). Plaintiff's initial complaint in this matter (Doc. 1) was dismissed without prejudice with leave to amend by Judge J. Phil Gilbert (Doc. 6). Plaintiff filed his amended complaint (Doc. 7), the operative complaint in this matter, on March 28, 2014. After the Court's initial screening of the amended complaint, Plaintiff was allowed to proceed on one count against Defendants Donald Gaetz and Michelle Crews for denying him access to the courts. More specifically, Plaintiff alleges that Defendant Crews, the former law librarian at Pinckneyville, and Defendant Gaetz, the former Pinckneyville warden, denied or limited his access to the law library from approximately March 2012, until the filing of this lawsuit. During this time, the mother of Plaintiff's son was allegedly violating visitation orders, and Plaintiff wanted to address this matter in court. Plaintiff claims that his inability to access the law library foreclosed this opportunity. Further, Plaintiff claims that Defendant Crews impeded his ability to obtain the Peoria County Courthouse address, and Defendant Gaetz denied him the opportunity to attend a June 2012 hearing, both in regards to his family law matter.

     A review of the exhibits attached to Plaintiff's amended complaint reflects that Plaintiff was provided with the Peoria County Courthouse address on April 5, 2012 (Doc. 7-2, p. 5). Subsequently, on May 7, 2012, Plaintiff filed a petition for an emergency hearing in the Tenth Judicial Circuit of Illinois in Peoria County (Doc. 7-3, pp. 20-21). A hearing was held on June 18, 2012; at the hearing, the Court dismissed Plaintiff's Petition for Emergency Hearing, finding that no service of the petition was made on the other party to the matter and Plaintiff failed to appear (Doc. 7-3, p. 33). On the same day as the hearing was to take place, Plaintiff filed a request with the Court to contact Pinckneyville

with a rescheduled hearing date (Doc. 7-3, p. 37). It does not appear that this hearing was reset. Further, the exhibits proffered by Plaintiff do not contain any evidence that the Peoria court ever issued a writ mandating his attendance at any hearing.

On September 19, 2014, Defendants filed a motion for summary judgment arguing they are entitled to qualified immunity, because any impairment of Plaintiff's ability to access the law library to enforce an order of protection did not violate a constitutional right that was clearly established at the time of Defendants' alleged conduct. Defendants further assert that Plaintiff failed to exhaust his administrative remedies prior to filing this suit. Based on the affidavit of Sherry Benton, a Chairperson for the Administrative Review Board ("ARB"), Defendants aver that although Plaintiff exhausted one grievance complaining of inadequate law library access in March 2012, he failed to file a grievance complaining about any subsequent event alleged in his lawsuit. Plaintiff filed his response to Defendants' motion on October 27, 2014 (Doc. 38).

### CONCLUSION OF THE REPORT AND RECOMMENDATION

Based upon the evidence before the Court, Magistrate Judge Wilkerson found that Defendants did not violate a clearly established constitutional right. Thus, Defendants are entitled to qualified immunity. Magistrate Judge Wilkerson further found that Defendants' request for summary judgment on the issue of exhaustion is moot.

### DISCUSSION

Where timely objections are filed, this Court must undertake a *de novo* review of the Report and Recommendation. 28 U.S.C. 737(b)(1)(B),(C); FED. R. CIV. P. 72(b); SDIL-LR 73.1(b); *Harper v. City of Chicago Heights*, 824 F. Supp. 786, 788 (N.D. Ill. 1993); *See*

*also Govas v. Chalmers*, 965 F.2d 298, 301 (7th Cir. 1992). The Court may accept, reject or modify the magistrate judge's recommended decision. *Harper*, 824 F. Supp. at 788. In making this determination, the Court must look at all of the evidence contained in the record and give fresh consideration to those issues to which specific objections have been made. *Id.* (quoting 12 Charles Alan Wright et al., *Federal Practice and Procedure* 3076.8, at p. 55 (1st ed. 1973) (1992 Pocket Part)). Where neither timely nor specific objections to the Report and Recommendation are made, however, pursuant to 28 U.S.C. 636(b), this Court need not conduct a *de novo* review of the Report and Recommendation. *See Thomas v. Arn*, 474 U.S. 140 (1985).

Here, Plaintiff has filed timely objections to the Report and Recommendation (Docs. 71, 74, 77). In the first objection, Plaintiff reiterates the arguments that he was denied access to the law library, which in turn impeded him from researching his family law issue. Plaintiff also argues that Defendant Crews blocked his ability to obtain the Peoria County courthouse address. Plaintiff further asserts that he was barred from visiting the library, and this violated his constitutional right of protecting his child.[1] In a later supplemental objection to the Report and Recommendation, Plaintiff cites to several cases and states that this case law grants him the right to have access to his son while incarcerated (Doc. 88).

For a constitutional right to be clearly established, its boundaries "must be



sufficiently clear that a reasonable official would understand that what he is doing violates that right." *Estate of Escobedo v. Bender*, 600 F.3d 770, 779 (7th Cir. 2010)(quoting *Hope v. Pelzer*, 536 U.S. 730, 739 (2002)). After much analysis of case law, this Court cannot find that Plaintiff has a clearly established right to access a law library so to research a family law matter. For this reason, the Court adopts the finding of Magistrate Judge Wilkerson that Defendants are protected under qualified immunity because Plaintiff's request to visit the law library is not a clearly established constitutional right.

It has long been established that the First and Fourteenth Amendments guarantee the right to all individuals, incarcerated or free, to access the courts without undue intervention. *Snyder v. Nolen*, 380 F.3d 279, 291 (7th Cir. 2004). The Supreme Court held that in cases involving habeas petitions or Section 1983 actions, prisons are required to provide prisoners with the tools necessary to litigate their action. *Lewis v. Casey*, 518 U.S. 343, 355 (1996). In all other civil matters, however, prison officials may not interfere with or create unnecessary obstacles that impede the right of access, but they need not provide assistance to prisoners. *See Snyder*, 380 F.3d at 291. Thus, while Plaintiff does have a right to access the courts, he is not afforded the right of prison assistance.

Currently, there is no case law on point or closely analogous to Plaintiff's specific issue. Because there is no controlling precedent for the case at hand, the Court turns to other circuits to determine "whether there [is] such a clear trend in the case law that we can say with fair assurance that the recognition of the right by a controlling precedent [is] merely a question of time." *Estate of Escobedo*, 600 F.3d at 781 (quoting *Jacobs*, 215 F.3d 758, 766 (7th Cir. 2000)). In looking to other circuits, there has been no clear tendency

among courts that would allow this Court to rule in favor of Plaintiff. Another district court previously held that a prisoner did not have a right of access claim for his child support case. *Ball v. Hartman*, 396 F. App'x 823, 825 (3rd Cir. 2001)(unpublished). In contrast, however, the same court found "an unconditional right of access….when denial of a judicial forum would implicate a fundamental human interest – such as the termination of parental rights or the ability to obtain a divorce." *Abdul-Akbar v. McKelvie*, 239 F.3d 307, 317 (3rd Cir. 2001); *See also Boddie et. al. v. Connecticut et. al.*, 401 U.S. 371 (1971). Because of these conflicting opinions it cannot be said that Plaintiff has a clearly established right of access to the law library. Further, because there is no clearly established right, this in turn means that Defendants' actions are protected under qualified immunity.

In Plaintiff's supplemental objection he cites to several cases claiming that these cases establish his right to have access to his child while in prison. After review of this case law, the Court finds that these cases are not analogous to the facts at hand. Plaintiff cites a case pertaining to the rates charged to inmates when making phone calls. *Arsberry v. Illinois*, 244 F.3d 558 (7th Cir. 2001). Plaintiff further relies on a case which held that a two year ban of visitors due to two substance-abuse violations, a rule stating that minors must be accompanied by an adult while visiting an inmate, and restricted visitation of former inmates were constitutional. *Overton v. Bazzetta*, 539 U.S. 126 (2003). None of these cases can be said to hold any weight to the facts of Plaintiff's case.

Overall, the Court finds the factual finding and rationale of the Report and Recommendation sound. The right to have access to a law library is not a clearly

established one under the law. For this reason, prison personnel are afforded the protections offered under qualified immunity. Because of these protections, Defendants' argument that Plaintiff did not exhaust his administrative remedies is moot.

For these reasons, the Court **ADOPTS** Magistrate Judge Wilkerson's Report and Recommendation (Doc. 70). Defendants' Motion for Summary Judgment (Doc. 34) is **GRANTED**, and this case is **DISMISSED with prejudice**. The Clerk is **DIRECTED** to enter judgment accordingly.

**IT IS SO ORDERED.**

**DATED: September 18, 2015**

s/ Nancy J. Rosenstengel___
**NANCY J. ROSENSTENGEL**
**United States District Judge**